UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:22-cv-00424

**Earnest Lee Glover, Jr.,**
*Plaintiff,*
v.
**Traci Shirey et al.,**
*Defendants.*

### ORDER

Plaintiff Earnest Glover, an inmate of the Texas Department of Criminal Justice proceeding pro se, filed this lawsuit complaining of alleged deprivations of his constitutional rights. Doc. 11. The case was referred to United States Magistrate Judge John D. Love.

After ordering plaintiff to amend his complaint, Judge Love undertook screening of the instant action pursuant to 28 U.S.C. § 1915A. Section 1915A requires the court to identify cognizable claims in a prisoner's complaint and dismiss those that are frivolous, are malicious, or fail to state a claim upon which relief may be granted. On April 17, 2023, the magistrate judge recommended that all claims except that relating to the alleged denial of insulin be dismissed with prejudice pursuant to § 1915A(b) for failure to state a claim upon which relief may be granted. Doc. 12 at 8. Plaintiff filed timely objections. Doc. 19.

On May 29, 2024, the magistrate judge further recommended that the insulin claim be dismissed without prejudice for failure to exhaust administrative remedies. Doc. 63. No objections were filed.

The court reviews the objected-to portions of a report and recommmendation de novo. 28 U.S.C. § 636(b)(1)(C). In conducting a de novo review, the court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996) (en banc). The court reviews

all other portions of the report and recommendation for clear error. *Id.*

\* \* \*

Plaintiff asserts that, in March of 2022, he received stimulus money in his account but did not sign for it until April 25, 2022. Doc. 11 at 4. He further asserts that, on May 1, 2022, he submitted a thumb print to the Safe Prisons Office because he wanted to send money and flowers to his sister for Mother's Day, but Sgt. Boyd, Sgt. Martinez, Officer Ridge, and a lieutenant were jealous of his money and did not do anything until July, when he had to do another thumb print. *Id.* He also alluded to retaliation in regard to this allegation.

The magistrate judge recommended these claims be dismissed as vague and conclusory. Doc. 12 at 6, 8. The report further noted that plaintiff's concrete factual allegations failed to implicate a protected constitutional right. *Id.* at 6–7. Plaintiff's objections did not engage with the substance of the magistrate judge's report or correct the deficiencies identified therein. Doc. 19. Accordingly, plaintiff's objections are overruled.

Plaintiff's only remaining claim alleges that on September 17, 2022, Warden Shirey placed his wing on lockdown and would not let diabetic inmates, including plaintiff, out of their cells to get insulin. Doc. 11 at 9–10. Plaintiff claims that he passed out and hit his head as a result. *Id.* at 9.

On March 1, 2024, defendants Warden Shirey and Officers Boyd and Garcia-Castillo filed a motion for summary judgment arguing that plaintiff failed to exhaust his administrative remedies (Doc. 58), to which plaintiff filed a response (Doc. 60). After review of the motion, the response, and the summary judgment evidence, the magistrate judge issued a report on May 29, 2024, recommending that the motion be granted and the claim concerning the denial of insulin be dismissed without prejudice for failure to exhaust administrative remedies. Doc. 63 at 11. Plaintiff received copies of this report on June 12 and June 17, 2024. Docs. 65, 66. But no objections have been filed. Having reviewed the magistrate

judge's report and being satisfied that it contains no clear error, the court accepts its recommendation.

Accordingly, plaintiff's insulin claim is dismissed without prejudice for failure to exhaust administrative remedies. All other remaining claims are dismissed with prejudice pursuant to § 1915A(b) for failure to state a claim upon which relief may be granted.

*So ordered by the court on August 27, 2024.*

                          J. CAMPBELL BARKER
                          United States District Judge